IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02315-RPM-BNB

HIGHLINE CAPITAL CORP., a Delaware corporation,

Plaintiff,

v.

SCHARMS VENTURES, LLC, d/b/a FIGARO'S PIZZA, a dissolved North Dakota limited liability company,
EDWARD SCHALL,
BETTY SCHALL,
DANNY SCHALL, and
SHERI SCHALL

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following:

(1) **Motion for Entry of Default Judgment Against Scharms Ventures, LLC, d/b/a Figaro's Pizza Pursuant to Fed. R. Civ. P. 55(b)** [Doc. # 20, filed 1/9/1009] ("Motion for Default Judgment: Scharms");

(2) **Motion for Entry of Default Judgment Against Edward Schall Pursuant to Fed. R. Civ. P. 55(b)** [Doc. # 19, filed 1/9/1009] ("Motion for Default Judgment: Edward Schall");

(3) **Motion for Entry of Default Judgment Against Betty Schall Pursuant to Fed. R. Civ. P. 55(b)** [Doc. # 18, filed 1/9/1009] ("Motion for Default Judgment: Betty Schall");

(4) **Verified Motion for Entry of Default Judgment Against Danny Schall Pursuant to Fed. R. Civ. P. 55(b)** [Doc. # 26, filed 2/20/2009] ("Motion for Default Judgment: Danny Schall"); and

(5) **Verified Motion for Entry of Default Judgment Against Sheri Schall Pursuant to Fed. R. Civ. P. 55(b)** [Doc. # 27, filed 2/20/2009] ("Motion for Default Judgment: Sheri Schall").

I held a hearing on the motions on February 20, 2009, and took them under advisement. After receiving evidence at the hearing and upon careful review of the motions and supporting materials, I respectfully RECOMMEND that the motions be GRANTED and that default judgment enter in favor of the plaintiff and against the defendants, jointly and severally.

In this action, the plaintiff seeks to recover amounts owed by Scharms Ventures, LLC ("Scharms"), pursuant to Finance Agreement and subject to personal guarantees from Edward Schall, Betty Schall, Danny Schall, and Sheri Schall.

## I. LEGAL STANDARD

The entry of a default judgment is governed by Fed. R. Civ. P. 55(b), which provides in relevant part:

> **(b) Entering a Default Judgment.**
> \* \* \*
> **(2) *By the Court.*** In all other cases [other than those involving claims for a sum certain as provided in subpart (b)(1)], the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with

> written notice of the application at least 3 days
> before the hearing. The court may conduct hearings
> or make referrals--preserving any federal statutory
> right to a jury trial--when, to enter or effectuate
> judgment, it needs to:
> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegation by evidence; or
> **(D)** investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party has "failed to plead or otherwise defend" the action. A trial court is vested with broad discretion in deciding whether to enter a default judgment. Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits"). In addition:

> Even after default, however, it remains for the court to consider
> whether the unchallenged facts constitute a legitimate cause of
> action, since a party in default does not admit mere conclusions of
> law. . . . Once the court determines that a judgment by default
> should be entered, it will determine the amount and character of
> the recovery that should be awarded.

10A Wright, Miller & Kane, supra.

## II. FINDINGS AND CONCLUSIONS

1. This action was commenced by the filing of a complaint on October 24, 2008. Jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship.

2. Scharms was served with a summons and the Complaint on October 28, 2008. Return of Service [Doc. # 9, filed 12/1/2008]. Scharms has failed to answer or otherwise respond to the Complaint and has failed to appear either personally or by a representative. The Clerk of the Court entered default against Scharms on December 16, 2008. Entry of Default [Doc. # 13, filed 12/16/2008]. Scharms is an administratively dissolved North Dakota limited liability company, Complaint [Doc. #1] at ¶ 2, and consequently is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service.

2. Edward Schall was served with a summons and the Complaint on October 27, 2008. Return of Service [Doc. # 8, filed 12/1/2008]. Edward Schall has failed to answer or otherwise respond to the Complaint and has failed to appear either personally or by a representative. The Clerk of the Court entered default against Edward Schall on December 16, 2008. Entry of Default [Doc. # 14, filed 12/16/2008]. Edward Schall is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service. Affidavit In Support of Motion for Default Judgment [Doc. # 19-2, filed 1/9/2009] at ¶¶ 17-19.

3. Betty Schall was served with a summons and the Complaint on October 27, 2008. Return of Service [Doc. # 6, filed 12/1/2008]. Betty Schall has failed to answer or otherwise respond to the Complaint and has failed to appear either personally or by a representative. The Clerk of the Court entered default against Betty Schall on December 16, 2008. Entry of Default

4

[Doc. # 14, filed 12/16/2008]. Betty Schall is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service. Affidavit In Support of Motion for Default Judgment [Doc. # 18-2, filed 1/9/2009] at ¶¶ 17-19.

4. Danny Schall was served with a summons and the Complaint on January 2, 2009. Return of Service [Doc. # 23-2, filed 2/11/2009]. Danny Schall has failed to answer or otherwise respond to the Complaint and has failed to appear either personally or by a representative. The Clerk of the Court entered default against Danny Schall on February 13, 2009. Entry of Default [Doc. # 25, filed 2/13/2009]. Danny Schall is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service. Motion for Default Judgment: Danny Schall [Doc. #26] at ¶¶20-22.

5. Sheri Schall was served with a summons and the Complaint on January 2, 2009. Return of Service [Doc. # 24-2, filed 2/11/2009]. Sheri Schall has failed to answer or otherwise respond to the Complaint and has failed to appear either personally or by a representative. The Clerk of the Court entered default against Sheri Schall on February 13, 2009. Entry of Default [Doc. # 25, filed 2/13/2009]. Sheri Schall is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service. Motion for Default Judgment: Sheri Schall [Doc. #27] at ¶¶20-22.

6. On or about May 10, 2005, Scharms executed a Finance Agreement and Payment Schedule (the "Finance Agreement") with Americorp Financial LLC ("Americorp"). Affidavit In Support of Motion for Default Judgment [Doc. # 20-2] at ¶2; Exhibit 1 to Complaint [Doc. # 1-2]. Pursuant to the Finance Agreement, Scharms promised to repay a loan in the principal

amount of $189,196.34, plus interest. Exhibit 1 to Complaint [Doc. # 11-2] at p. 4 of 22.[1]

7. On September 22, 2005, Americorp assigned the Finance Agreement to Highline Capital Corp. ("Highline Capital"), the plaintiff here. Exhibit 2 to Complaint [Doc. # 1-3].

8. On May 10, 2006, Scharms and Highline Capital executed an Amendment to the Payment Schedule of the Finance Agreement. Affidavit In Support of Motion for Default Judgment [Doc. # 20-2] at ¶5 and at Exhibit 4 [Doc. #20-5]. The Amendment altered only the payment schedule, and made it more favorable to Scharms.

9. On or about February 21, 2007, Scharms defaulted on the Finance Agreement by failing to make timely payment to Highline Capital as required by the terms and conditions of the Finance Agreement. Affidavit In Support of Motion for Default Judgment [Doc. # 20-2] at ¶8; Exhibit 1 to Complaint at ¶10.

10. In the event of a default, the Finance Agreement authorizes Highline Capital to accelerate and declare all sums under the Finance Agreement immediately due and payable. Affidavit In Support of Motion for Default Judgment [Doc. # 20-2] at ¶9; Exhibit 1 to Complaint at ¶10.

11. Scharms has failed to pay Highline Capital all amounts due and owing under the Finance Agreement. Affidavit In Support of Motion for Default Judgment [Doc. # 20-2] at ¶10.

12. The Finance Agreement provides for a late charge of 10% on any payment not paid by Scharms when due. Affidavit In Support of Motion for Default Judgment [Doc. # 20-2] at ¶7; Exhibit 1 to Complaint at ¶11(a).

---

[1]For ease of reference, I have utilized the pagination assigned by the court's filing system.

13. The Finance Agreement provides that Highline Capital is entitled to the award of its reasonable attorneys fees and costs incurred in enforcing the Finance Agreement. Affidavit In Support of Motion for Default Judgment [Doc. # 20-2] at ¶11; Exhibit 1 to Complaint at ¶10.

14. Pursuant to the terms of the Finance Agreement, Scharms is indebted to Highline Capital in the total amount of $238,310.55, as follows:

| | |
|---|---:|
| • Past due payments through October 20, 2008 | $ 75,880.41[2] |
| • Future payments (adjusted/reduced to present value) | 149,654.80 |
| • Late fees | 8,262.54 |
| • Attorneys fees | 3,660.00[3] |
| • Costs | 852.80 |
| • Less proceeds from the sale of collateral | (18,930)[4] |
| • **Total Amount Due** | **$238,310.55** |

15. Edward Schall, Betty Schall, Danny Schall, and Shari Schall each executed the Personal Guaranty which provides in relevant part:

> [T]he Guarantor acknowledges and undertakes a direct and primary obligation and unconditionally and irrevocably guarantees the Secured Party, its successors and assigns (collectively "Holder") the prompt payment of all amounts to be paid by the Debtor pursuant to, and the performance by the Debtor of all terms, conditions, covenants and agreements detailed in, the Finance Agreement. . . . Guarantor further promises to pay all of

---

[2]The amounts of past due payments, future payments, and late fees are taken from the Affidavit In Support of Motion for Default Judgment [Doc. # 20-2] at ¶13.

[3]The amounts of attorneys fees and costs are taken from the Supplemental Affidavit of Attorney Fees and Costs [Doc. # 28, filed 2/20/2009] at ¶3.

[4]The amount received from the sale of collateral is taken from the Affidavit In Support of Motion for Default Judgment [Doc. # 20-2] at ¶13.

> the Holder's expenses, including without limitation attorneys' fees,
> incurred by Secured Party in connection with the enforcement of
> the Finance Agreement against Debtor, or this Personal Guaranty,
> and waives any rights which it may have to collect from Debtor
> any amounts paid hereunder to Secured Party.

Complaint, Exhibit 3 [Doc. # 1-4]. Edward Schall, Betty Schall, Danny Schall, and Shari Schall, as guarantors, are jointly and severally liable for all amounts due to Highline Capital. Complaint, Exhibit 3 [Doc. # 1-4].

16. Edward Schall, Betty Schall, Danny Schall, and Shari Schall are each indebted to Highline Capital in the total amount of $238,310.55, pursuant to the terms of the Personal Guaranty.

## III. RECOMMENDATION

I respectfully RECOMMEND as follows:

(1) That the Motion for Default Judgment: Scharms [Doc. # 20] be GRANTED and that Default Judgment enter in favor of the plaintiff and against Scharms, jointly and severally, in the amount of $238,310.55;

(2) That the Motion for Default Judgment: Edward Schall [Doc. # 19] be GRANTED and that Default Judgment enter in favor of the plaintiff and against Edward Schall, jointly and severally, in the amount of $238,310.55;

(3) That the Motion for Default Judgment: Betty Schall [Doc. # 18] be GRANTED and that Default Judgment enter in favor of the plaintiff and against Betty Schall, jointly and severally, in the amount of $238,310.55;

(4) That the Motion for Default Judgment: Danny Schall [Doc. # 26] be GRANTED and that Default Judgment enter in favor of the plaintiff and against Danny Schall, jointly and

severally, in the amount of $238,310.55; and

(5) That the Motion for Default Judgment: Sheri Schall [Doc. # 27] be GRANTED and that Default Judgment enter in favor of the plaintiff and against Sheri Schall, jointly and severally, in the amount of 238,310.55.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 26, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge